**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Bechtel, | No. CV-25-08006-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Wexford Health Sources Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Wexford Health Sources, Inc.'s ("Wexford") motion for summary judgment contending that Plaintiff Mark Bechtel failed to exhaust administrative remedies prior to bringing this suit. (Doc. 32.) The motion is fully briefed.[1] (Docs. 40, 43.) For the following reasons, the Court grants in part and denies in part the motion.

**I.     Background**

Wexford is a corporation that provides medical care and treatment to inmates at the Mohave County Adult Detention Center where Bechtel worked for several years. (Doc. 16 ¶¶ 3, 6.) Bechtel became an employee of Wexford on July 1, 2022, when the Detention Center replaced the previous medical provider, of which Bechtel was also an employee, with Wexford. (*Id.* ¶ 6.) Wexford established and maintained a Long Term Disability plan, the Group Long Term Disability Insurance for Employees of Wexford Health Sources, Inc.

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

1  ("LTD Plan"), and a Short Term Disability plan, the Weekly Disability Income Insurance
2  for Employees of Wexford Health Sources, Inc. ("STD Plan"), (collectively, "Plans") for
3  its employees by purchasing insurance policies from Lincoln Financial Group ("Lincoln").
4  (*Id.* ¶¶ 4, 5, 13.) Only full-time employees are eligible for benefits under the Plans. (Doc.
5  32-1 at 16–20.) Both Plans are governed by the Employee Retirement Income Security Act
6  ("ERISA"). (Doc. 16 ¶¶ 4, 5.) Under the provisions of ERISA, Wexford is the
7  administrator, sponsor, and fiduciary for both Plans. *See* 29 U.S.C. § 1002(16)(A)–(B),
8  (21). (*Id.* ¶¶ 7–9.)

9  Bechtel began to experience medical issues in late August 2022 and was admitted
10 to the hospital in September 2022 for five days. (*Id.* ¶¶ 28–29.) Afterward, Bechtel
11 requested, and Wexford provided, unpaid leave. (*Id.* ¶ 30.) Bechtel then applied for and
12 received benefits under the STD Plan through November 28, 2022. (*Id.* ¶ 31.) On January
13 4, 2023, Bechtel returned to work. (*Id.* ¶ 34.) But then his medical issues returned, and on
14 January 30, 2023, Wexford reduced his scheduled hours per week from 40 to 24 and
15 reclassified Bechtel as a part-time employee. (*Id.* ¶¶ 36, 39.) Bechtel sought additional
16 leave, and Wexford granted him unpaid leave from April 12, 2023, to June 1, 2023. (*Id.* ¶¶
17 44, 47.) Bechtel did not return to work on June 2, 2023, and his last day worked was April
18 11, 2023. (*Id.* ¶¶ 44, 48.) On June 5, 2023, Wexford retroactively terminated Bechtel
19 effective June 3, 2023. (*Id.* ¶ 51.)

20 Bechtel again applied for benefits under the STD Plan, but Lincoln denied the
21 application. (*Id.* ¶ 49.) Lincoln informed Bechtel that his claim was denied because he was
22 a part-time employee who did not meet the minimum required hours for benefits under the
23 STD Plan. (Doc. 32-1 at 174.) In December 2023, Bechtel filed an appeal of the denial.
24 (*Id.* 107–08.) Lincoln denied his appeal in March 2024. (*Id.* at 128–31.) Bechtel did not
25 file a second appeal. (*Id.* at 126, Doc. 35-1 ¶ 27.)

26 In January 2025, Bechtel brought this suit asserting claims against Wexford and the
27 Plans for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) and for failure to pay
28 benefits under § 1132(a)(1)(B). (Doc. 1, Doc. 16 at ¶¶ 55–79.) Bechtel alleges that

1  Wexford, as fiduciary, failed to advise him of his disability options. (Doc. 16 at ¶¶ 56–63.)
2  He also alleges that he would have been eligible for STD and LTD benefits had Wexford
3  reported the proper information to Lincoln. (*Id.* at ¶¶ 76–79.) Accordingly, he requests,
4  among other things, damages for non-payment of benefits as a surcharge and reformation
5  of the Plans so that he can file a claim for benefits under both Plans. (*Id.* at 8.) At a Rule
6  16 scheduling conference, the Court approved Wexford's request to file two motions for
7  summary judgment, the first addressing the issue of administrative exhaustion. (Doc. 22,
8  Doc. 31 at 26.) This motion followed.

## II.     Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for

summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d. 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

## III.   Analysis

Wexford argues that Bechtel failed to exhaust administrative remedies as required under ERISA and the language of the Plans because he did not seek two administrative reviews of his claim denial. (Doc. 32 at 2.) Thus, all his claims should be barred. (*Id.* at 1.) The Court considers each of Bechtel's claims in turn.

### A.   Failure-to-Pay Claim

A claim for denial of benefits ordinarily begins with an administrative review process mandated by ERISA. *See* 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h)(1). If the administrative review affirms the denial of benefits, the claimant may then obtain judicial review under § 1132(a)(1)(B), which states that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B).

The statutory text of ERISA does not require exhaustion of administrative remedies to bring suit. *See* § 1132; *see also Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). But the Ninth Circuit has consistently held that "a claimant must avail himself or herself of a plan's own internal review procedures before bringing

suit in federal court." *Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995) (citing *Amato v. Bernard*, 618 F.2d 559, 566–68 (9th Cir. 1980)). This requirement "is consistent with ERISA's background, structure and legislative history." *Id.* It "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise." *Id.*

Wexford argues that Bechtel's failure-to-pay claim is barred for failure to exhaust. (Doc. 32 at 10–12.) In his Response, Bechtel essentially abandons this claim. Bechtel states that the failure-to-pay claim is an alternate claim, and that Wexford is "not the right party under 29 U.S.C. § 1132(a)(1)(B), because it is not obligated to pay benefits, [Lincoln] is." (Doc. 40 at 8.) Bechtel also admits that Lincoln's "denial was, unfortunately, proper." (*Id.*) Accordingly, Wexford is entitled to summary judgment on Bechtel's failure-to-pay claim.

**B.     Breach of Fiduciary Duty Claim**

Section 1132(a)(3) "authorize[s] ERISA plan beneficiaries to bring a lawsuit . . . that seeks relief for individual beneficiaries harmed by an administrator's breach of fiduciary obligations." *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 492 (1996)). An individual bringing a claim under § 1132(a)(3) may seek "appropriate equitable relief." Generally, exhaustion is not required for a breach of fiduciary duty claim but is required if the plaintiff's claim is essentially a disguised claim for benefits. *Wit. v. United Behav. Health*, 79 F.4th 1068, 1089 (9th Cir. 2023) (citations omitted).

Wexford argues that Bechtel's breach of fiduciary duty claim is a disguised claim for benefits because it effectively seeks monetary damages, and thus the exhaustion requirement applies. (Doc. 32 at 12–13.) Bechtel's breach of fiduciary duty claim requests: (1) "damages for non-payment of benefits as a surcharge," and (2) that "the Court reform the Plan and Policy so that Bechtel can file a claim for STD and LTD benefits from [Lincoln]." (Doc. 16 at 8.) Surcharge and reformation are "appropriate equitable relief"

within the meaning of § 1132(a)(3). *CIGNA Corp. v. Amara*, 563 U.S. 421, 440–442 (2011); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955, 957–58 (9th Cir. 2014). To Wexford's point, "[m]oney damages are, of course, the classic form of *legal* relief," rather than equitable. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (citations omitted) (emphasis in original). And compensatory and punitive damages are not equitable relief within the meaning of § 1132(a)(3). *Varity Corp.*, 516 U.S. at 510 (citing *Mertens*, 508 U.S. at 255, 256–258, and n.8). Wexford's argument, however, ignores that while Bechtel's requested relief might result in a payment of money, it is a request for surcharge, an equitable remedy, not compensatory and punitive damages. *Amara*, 563 U.S. at 441 (that "relief takes the form of a money payment does not remove it from the category of traditionally equitable relief."). Surcharge is an equitable monetary remedy against a trustee for a loss resulting from a trustee's breach of duty. *Id.* at 441–42. Accordingly, Bechtel's breach of fiduciary duty claim does not require exhaustion simply because the ultimate relief could be monetary.

Next, Wexford asserts that this claim is a disguised benefits claims because its resolution depends on an interpretation of the Plans' language rather than a statutory interpretation of ERISA. (Doc. 32 at 14.) The Court disagrees. Bechtel alleges that Wexford failed to advise him of his disability options and that he should have continued his STD claim and filed an LTD claim which he alleges are breaches of Wexford's fiduciary duty. (Doc. 16 ¶¶ 63, 64.) Any fiduciary duty is imposed by ERISA, not the Plans. Thus, this claim does not require an interpretation of either Plan but of a fiduciary's obligations under ERISA.

Wexford also contends that Bechtel cannot obtain relief under § 1132(a)(3) because adequate relief is available under § 1132(a)(1)(B). (Doc. 32 at 13.) But Bechtel cannot make a claim under § 1132(a)(1)(B) to "recover benefits due to him under the terms of his plan" because, as a part-time employee, he was ineligible for benefits, a point he now concedes. *See Varity Corp.*, 516 U.S. at 515 (noting "the plaintiffs in this case could not proceed under [§ 1132(a)(1)(B)] because they were no longer members of the Massey–

Ferguson plan and, therefore, had no 'benefits due [them] under the terms of [the] plan.'" (quoting § 1132 (a)(1)(B))). Thus, Bechtel has no other adequate remedy under § 1132 other than subsection (a)(3).

A claim for denial of benefits is just that—a claim for wrongly denied benefits. *See* § 1132(a)(1)(B). In contrast, a claim for breach of fiduciary duty is a claim for harm suffered because of a fiduciary's breach of duty. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021) ("To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages."). Ultimately, Bechtel's claim is that Wexford breached its fiduciary duty by failing to inform him of the consequences to his benefits of becoming a part-time employee. (Doc. 16 ¶¶ 63, 64.) This is not a disguised claim for benefits even if it results in a monetary award.

Finally, because Bechtel was not required to exhaust administrative remedies for his breach of fiduciary duty claim, the Court need not address the parties' argument regarding whether a second appeal would have been futile.

**IT IS ORDERED** that Wexford's motion for summary judgment (Doc. 32) is **GRANTED** in part and **DENIED** in part as stated herein.

Dated this 10th day of December, 2025.

Douglas L. Rayes
Senior United States District Judge